NO. 23-35510

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JAMES PARKER,

PLAINTIFF-APPELLANT,

v.

CHRISTINE WORMUTH, IN HER OFFICIAL CAPACITY AS
SECRETARY OF THE UNITED STATES ARMY,

DEFENDANT-APPELLEE.

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF OREGON
NO. 3:22-CV-01451-IM
HONORABLE KARIN J. IMMERGUT

APPELLEE'S ANSWERING BRIEF

**NATALIE K. WIGHT**
United States Attorney
District of Oregon
**KEVIN DANIELSON**
Executive Assistant United States Attorney
**AUSTIN J. RICE-STITT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: (503)727-1000

*ATTORNEYS FOR APPELLEE CHRISTINE WORMUTH*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION ....................................................................................................1

STATEMENT OF JURISDICTION .......................................................................1

ISSUE PRESENTED ...............................................................................................2

STATEMENT OF THE CASE................................................................................2

SUMMARY OF THE ARGUMENT ......................................................................4

STANDARD OF REVIEW .....................................................................................5

ARGUMENT ............................................................................................................5

    I.   The District Court Correctly Determined that Parker Failed to State a Claim for Discrimination Under the Rehabilitation Act. ...................................................5

        A.  Pleading Standards Under *Iqbal*...............................................................5

        B.  Parker Must Plausibly Allege He Was Not Hired Because USACE Regarded Him as Being Disabled ..................................................................6

        C.  Parker Failed to Allege that USACE Officials Perceived Him as Disabled ...................................................................................................7

        D.  Parker Failed to Allege He was Discriminated Against Based on Perceived Disability ..................................................................................9

CONCLUSION .......................................................................................................10

STATEMENT OF RELATED CASES ..................................................................11

CERTIFICATE OF COMPLIANCE......................................................................12

CERTIFICATE OF SERVICE................................................................................13

# TABLE OF AUTHORITIES
## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................. 5

*Astoria Fed. S&L Ass'n v. Solimino*,
501 U.S. 104 (1991) ............................................................................................. 6

*Dominguez-Curry v. Nevada Transp. Dep't*,
424 F.3d 1027 (9th Cir. 2005) ............................................................................. 6

*Dunn v. Castro*,
621 F.3d 1196 (9th Cir. 2010) ............................................................................. 5

*Lopez v. Johnson*,
333 F.3d 959 (9th Cir. 2003) ............................................................................... 6

*Mack v. S. Bay Beer Distribs., Inc.*,
798 F.2d 1279 (9th Cir. 1986) ............................................................................. 6

*Marder v. Lopez*,
450 F.3d 445 (9th Cir. 2006) ............................................................................... 6

*Naffe v. Frey*,
789 F.3d 1030 (9th Cir. 2015) ............................................................................. 5

*No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*,
320 F.3d 920 (9th Cir. 2003) ............................................................................... 6

*Social Recovery, LLC v. City of Costa Mesa*,
56 F.4th 802 (9th Cir. 2023) ................................................................................ 7

# TABLE OF AUTHORITIES

## STATUTES

28 U.S.C. § 1291 ..................................................................................................2

28 U.S.C. § 1346 ..................................................................................................1

## RULES

Fed. R. App. P. 4(a)(1)(B) ...................................................................................2

Fed. R. Civ. P. 12(b)(6) .......................................................................................1

## INTRODUCTION

James Parker appeals the order dismissing his claim under the Rehabilitation Act of 1973. Parker alleged the U.S. Army Corps of Engineers ("USACE") did not hire him for the position of small craft operator because USACE perceived Parker to be disabled even though he was not. Parker had previously worked for USACE as small craft operator from 2018 until June 2019, when he resigned due to high blood sugar. USACE sought to fill a small craft operator position in the summer of 2020, and Parker applied. USACE brought Parker in for an interview but ultimately selected another candidate. Parker claims he was not selected because certain of the hiring officials perceived him to continue to suffer from diabetes. But Parker alleged no facts suggesting anyone on the hiring panel believed he suffered from diabetes or any other disability in 2020. Parker also failed to allege any facts suggesting that, even if a member of the hiring panel believed him to be suffering from diabetes, he was the victim of discrimination on that basis. Accordingly, the Court should affirm the district court's dismissal of Parker's complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this claim under 28 U.S.C. § 1346. On June 1, 2023, the district court entered judgment for defendant Christine Wormuth, in her official capacity as Secretary of the United States Army. SER 3. Parker timely

1

filed a notice of appeal on July 25, 2023. SER 125–26; *see* Fed. R. App. P. 4(a)(1)(B). This Court has jurisdiction under 28 U.S.C. § 1291.

## ISSUE PRESENTED

Did Parker allege facts that plausibly suggest that, when he applied for the small craft operator position in July 2020, USACE hiring officials perceived him to be disabled and discriminated against him because of his perceived disability?

## STATEMENT OF THE CASE

Parker worked as a small craft operator for the USACE in the Portland District from March 2018 until June 2019. SER 115–16 (Compl. ¶¶ 17, 19). Parker alleged he was diagnosed with diabetes in 2018. SER 115 (Compl. ¶ 9). On June 27, 2019, Parker voluntarily resigned his position "due to his 'high blood sugar, which caused [him] not to be able to sail on the ship.'" SER 116 (Compl. ¶ 21).

Although he lost his captain's license at some point in 2019 due to his diabetes, Parker alleged he re-obtained it at an unspecified later time. SER 116 (Compl. ¶¶ 20, 22). In 2020, a vacancy opened for a small craft operator with USACE in Portland, Oregon, and Parker applied. *See* SER 115 (Compl. ¶ 12). In July 2020, USACE personnel Daniel Geye, Allen Stewart, and Richmond Boyce interviewed Parker and three other candidates for the position. SER 115-16 (Compl. ¶¶ 10, 26). The deciding official, Steven Russell, did not participate in the interviews. SER 116

2

(Compl. ¶ 27). Geye and Russell had worked with Parker during his tenure with USACE from March 2018 to June 2019. SER 116 (Compl. ¶ 19).

On July 7, 2020, Geye sent an email to Russell containing the selection recommendation and ranking, with Parker coming in fourth behind the three other interviewees. SER 116–17 (Compl. ¶ 28). USACE notified Parker of his non-selection on July 21, 2020. SER 115 (Compl. ¶ 16).

Parker filed his district court complaint on September 27, 2022. SER 113. He asserted claims under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). *Id.* Parker is no longer asserting age discrimination or retaliation. Appellant's Br. at 3 (¶ 4).

Regarding his Rehabilitation Act claim, Parker alleged that he did not suffer from diabetes at the time of the interview in 2020, but that USACE, in not selecting him for the small craft operator position, discriminated against him based on a perceived disability. SER 115 (Compl. ¶¶ 14-15). Parker alleged he "would have been selected but for the perceived disability that Geyer and Russell had of him." SER 120 (Compl. ¶ 70).

Wormuth moved to dismiss Parker's complaint. SER 95–111. Wormuth argued that Parker failed to allege facts suggesting anyone at USACE perceived Parker as disabled, or that USACE officials relied on this perception in deciding to hire a different candidate. SER 105–07.

3

Parker filed a response on December 20, 2022. SER 16–20. Parker argued that he had alleged that Russell and Geye perceived him has having a disability. SER 18–19. But Parker failed to identify any alleged facts supporting this conclusion, or any facts suggesting USACE did not hire Parker due to the perceived disability. *See id.*

On April 19, 2023, the district court entered an order granting Wormuth's motion to dismiss. SER 4–15. The district court concluded that Parker failed to allege that Russell or Geye perceived Parker as disabled, and that Parker failed plausibly to allege that Parker's perceived disability was the basis for USACE's hiring decision. SER 13–15. The district court allowed Parker leave to amend the complaint by May 19, 2023. SER 15.

Parker did not file an amended complaint. On June 1, 2023, the district court entered judgment in favor of Wormuth. SER 3. On July 25, 2023, Parker filed a notice of appeal of the June 1, 2023 judgment. SER 125.

## SUMMARY OF THE ARGUMENT

Parker failed to allege facts capable of showing that USACE discriminated against him based on a perceived disability. His allegations failed in two respects. First, he did not allege facts that show any of the selecting officials perceived him as having diabetes or another disability. Second, he did not plausibly allege that his perceived disability was the reason USACE elected to hire a different candidate.

4

Accordingly, Parker failed to state a claim for disability discrimination under the Rehabilitation Act, and the district court correctly dismissed his complaint.

## STANDARD OF REVIEW

The Court reviews *de novo* a district court's order granting a motion to dismiss. *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010).

## ARGUMENT

### I. The District Court Correctly Determined that Parker Failed to State a Claim for Discrimination Under the Rehabilitation Act.

The Court should affirm the district court's order dismissing Parker's claim under the Rehabilitation Act because Parker failed plausibly to allege USACE officials did not hire him because they perceived him to be disabled.

#### A. Pleading Standards Under *Iqbal*

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a court "must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions." *Id.*

5

Although the district court's review is ordinarily limited to the complaint in deciding Rule 12(b)(6) motion, it may consider documents by judicial notice that are referenced in the complaint, the authenticity of which cannot be questioned, or that are relied on by a plaintiff. *See, e.g.*, *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The district court may also consider "records and reports of administrative bodies" on a Rule 12(b)(6) motion. *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. S&L Ass'n v. Solimino*, 501 U.S. 104 (1991).

### B. Parker Must Plausibly Allege He Was Not Hired Because USACE Regarded Him as Being Disabled.

In order to state a prima facie claim of disparate treatment for non-selection under the Rehabilitation Act,[1] Parker must plausibly allege "that (1) [he] belongs to a protected class; (2) [he] applied for and was qualified for the position [he] was denied; (3) [he] was rejected despite [his] qualifications; and (4) the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

---

[1] The Rehabilitation Act provides the exclusive remedy for federal employees alleging disability discrimination. Courts use the same standards applied under the Americans with Disabilities Act to determine whether a violation of the Rehabilitation Act occurred in the federal employment context. *E.g.*, *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003).

6

Parker alleged that he was not disabled at the time he applied for the position in 2020 but that USACE officials perceived him as being disabled. Appellant's Br. at 2. To state a claim on a "regarded as disabled" theory, Parker must show that the selecting officials perceived him as "being disabled and discriminated against [him] on that basis." *Social Recovery, LLC v. City of Costa Mesa*, 56 F.4th 802, 817 (9th Cir. 2023) (citation omitted).

### C. Parker Failed to Allege that USACE Officials Perceived Him as Disabled.

The district court correctly determined that Parker failed to allege facts that plausibly suggest the USACE hiring officials perceived him as being disabled during the hiring process in July 2020. *See* SER 013.

Parker alleged that panelist Daniel Geye and selecting official Steven Russell perceived him as having a disability. SER 120 (Compl. ¶ 70). But Parker did not allege any facts supporting this conclusion. SER 13–14; *see also* SER 106–107. Parker's response to the motion to dismiss simply repeated the conclusory allegation that Geye and Russell perceived Parker to be disabled. SER 18; *see also* Appellant's Br. at 2. Parker then referenced his allegation that two months after the incident, Russell "recalled Plaintiff's prior inability to pass the physical and to renew his Captain's license." SER 18. Even if true, the fact that Russell and/or Geye "recalled" that Parker had failed a physical does not suggest that they perceived Parker as disabled, either at the time of the physical or during the hiring process. Nor did Parker allege

7

that he ever advised USACE officials that he was disabled or requested accommodation for a disability.

To the extent Parker attempts to rely on allegations that the hiring panel had concerns about his conduct and safety record, these allegations also fail to suggest the hiring officials perceived Parker as disabled. *See* SER 13–14. Parker alleged that one of the panelists, Alan Stewart, recalled that during Parker's prior employment with USACE, Parker had wrecked his car on the way to work one day. SER 120 (Compl. ¶ 72). Similarly, Parker alleged that Geye stated that Parker's previous crew said they felt unsafe in the boat with him because he was not able to handle stressful situations. SER 120 (Compl. ¶¶ 71, 79). But Parker does not allege facts suggesting USACE officials understood his prior performance issues to stem from any disability. SER 13–14 ("Plaintiff pleads no facts to establish how such safety concerns related to Plaintiff's perceived disability or that Defendant perceived these concerns as related to Plaintiff's perceived disability."). The statements Parker attributed to USACE officials regarding Parker's prior performance issues do not plausibly suggest any of the panelists perceived Parker as being disabled in July 2020.

The district court correctly concluded that Parker failed to allege facts that plausibly suggest any of the panelists perceived him as having a disability during the July 2020 hiring process. Accordingly, this Court should affirm dismissal.

8

### D. Parker Failed to Allege He was Discriminated Against Based on Perceived Disability.

As discussed *supra* at Part I.C., Parker failed to allege that USACE hiring officials perceived him as having a disability. But even if he had, his Rehabilitation Act claim still fails because Parker did not allege facts suggesting USACE officials elected not to hire him because of his perceived disability. *See* SER 14–15.

Parker argues that "[a]s [a] result of the perceived disability, [he] was ranked the lowest among the four interviewed candidates." Appellant's Br. at 2. In Parker's view, he was the "best qualified person to operate a small craft on the Columb[ia] River." *Id.*; SER 115 (Compl. ¶ 15). But the fact that Parker disagrees with the ranking by the interview panelists is insufficient to show that the panelists were motivated by disability discrimination.

Parker alleged that the USACE hiring officials, in explaining their decision to select other individuals ahead of Mr. Parker, cited previous issues with Parker's conduct and performance at work. SER 120 (Compl. ¶¶ 77, 79-80). Geye cited, for example, incidents where Parker failed to pay attention while operating a boat, including one where Parker "ran a boat aground" such that "both engines were filled with sand." SER 26. Parker's allegations fail to give rise to a plausible inference of disability discrimination, as he does not allege that these issues were caused by his disability, or that the hiring officials perceived them to be disability-related. "Plaintiff does not plausibly connect either the above-mentioned safety incidents or a failure to

9

pay attention to his diabetes." SER 14. Accordingly, the district court correctly determined that Parker failed to allege he was discriminated against on the basis of a perceived disability.

## CONCLUSION

Parker failed to allege facts that plausibly suggest USACE officials perceived him to be disabled and discriminated against him on that basis. Given leave to allege additional facts supporting his claim, Parker declined to do so. Accordingly, this Court should affirm the district court's judgment in Wormuth's favor.

RESPECTFULLY SUBMITTED this 20th day of February, 2024.

**NATALIE K. WIGHT**
United States Attorney
District of Oregon
**KEVIN DANIELSON**
Executive Assistant United States Attorney

*/s/ Austin J. Rice-Stitt*
**AUSTIN J. RICE-STITT**
Assistant United States Attorney

## STATEMENT OF RELATED CASES

Pursuant to Rule 28-2.6 of this Court, counsel for Defendant-Appellee Christine Wormuth is unaware of any related cases.

DATED this 20th day of February, 2024.

>*/s/ Austin J. Rice-Stitt*
>Austin J. Rice-Stitt
>Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(c) and Ninth Circuit Rule 32-1, I hereby certify that the foregoing brief complies with the type-volume limitations, uses a proportionately spaced font (Garamond), has a typeface of 14-point, and contains 2,337 words according to the word processing system used to produce the document.

DATED this 20th day of February, 2024.

*/s/ Austin J. Rice-Stitt*
Austin J. Rice-Stitt
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that a copy of this brief was also mailed to the Pro Se Plaintiff-Appellant, James Parker, at 90652 Lewis Road, Warrenton, Oregon 97146 on February 20, 2024.

*/s/ Samantha Schultz*
SAMANTHA SCHULTZ
Legal Administrative Specialist
