**Appeal No. 23-35510**
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES PARKER,
*Plaintiff-Appellant*,

v.

CHRISTINE WORMUTH,
SECRETARY, U.S. DEPARTMENT OF THE ARMY,
*Defendant-Appellee*.

**APPELLANT'S REPLY BRIEF**
ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON,
No. 3:22-cv-01451-IM, Hon. KARIN J. IMMERGUT

PETER AFRASIABI
One, LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
T: 949-502-2871
pafrasiabi@onellp.com

KATHRYN MARIE DAVIS
Law Office of Kathryn M. Davis
530 South Lake Avenue, Suite 425
Pasadena, CA 91101
T: 626-356-8059
Kathryn.davis@kmdavislaw.com

JULIUS P. ELBERFELD
NEIL K. VERMANI
U.C. Irvine School of Law
Ninth Circuit Appellate Litigation Clinic
401 East Peltason Drive, Suite 1000
Irvine, CA 92697
Certified Law Students

*Counsel for Appellant James Parker*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

    I.    *Swierkiewicz* Establishes the Proper Pleading Standard, Not *McDonnell Douglas*..........................................................................2

    II.    Wormuth Relies on the Wrong Documents and Authorities. ...............6

        A.    Wormuth cites facts outside the Complaint...............................6

        B.    Wormuth cites to appeals from summary judgment—not Rule 12 dismissals..............................................................................8

    III.    Wormuth Failed to Respond to Several of Parker's Arguments on Appeal and Therefore Waived Any Rebuttal to Those Arguments......9

CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Austin v. Univ. of Or.*,
    925 F.3d 1133 (9th Cir. 2019) ............................................... 3
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................ 3
*Clem v. Lomeli*,
    566 F.3d 1177 (9th Cir. 2009) ............................................. 10
*Dominguez-Curry v. Nev. Transp. Dep't*,
    424 F.3d 1027 (9th Cir. 2005) ........................................... 4, 8
*Ecological Rts. Found. v. Pac. Gas & Elec. Co.*,
    874 F.3d 1083 (9th Cir. 2017) ............................................. 9
*Erickson v. Pardus*,
    551 U.S. 89 (2007) ............................................................. 3
*Gilligan v. Jamco Dev. Corp.*,
    108 F.3d 246 (9th Cir. 1997) ........................................... 2, 3
*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ............................................ 6, 7
*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ............................................... 6
*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ............................................ 6, 7
*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ................................................... 2, 3, 4, 8
*McGucken v. Pub Ocean Ltd.*,
    42 F.4th 1149 (9th Cir. 2022) ............................................. 10
*Ortez v. Washington County*,
    88 F.3d 804 (9th Cir. 1996) ................................................ 2
*Ricci v. DeStefano*,
    557 U.S. 557 (2009) ........................................................... 4
*Socal Recovery, LLC v. City of Costa Mesa*,
    56 F.4th 802 (9th Cir. 2023) ........................................... 4, 8, 9
*Sosa v. Hiraoka*,
    920 F.2d 1451 (9th Cir. 1990) ............................................. 2
*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) ..................................................... 2, 3, 4

*United States v. Dreyer,*
 804 F.3d 1266 (9th Cir. 2015) _____ 10
*Watson v. Fort Worth Bank & Tr.,*
 487 U.S. 977 (1988) _____ 4

**Rules**

Fed. R. Civ. P. 8(a)(2) _____ 2
Fed. R. Civ. P. 8(f) _____ 3
Fed. R. Civ. P. 12(b)(6) _____ 1, 7, 11
Fed. R. Evid. 201(b) _____ 7

## INTRODUCTION

On September 27, 2022, Plaintiff-Appellant James Parker ("Parker") filed a Complaint *pro se* in the U.S. District Court for the District of Oregon, alleging disparate treatment based on his disability (diabetes) and age (57). The Complaint asserts claims under (1) the Rehabilitation Act of 1973 ("Rehabilitation Act") and (2) the Age Discrimination in Employment Act of 1967 ("ADEA"), contending that the U.S. Army Corps of Engineers ("USACE") refused to rehire Parker in the Summer of 2020 due to these protected traits.

On December 6, 2022, Defendant-Appellee Christine Wormuth ("Wormuth") filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Applying a heightened and incorrect pleading standard, the District Court granted Wormuth's Motion to Dismiss, rejecting both of Parker's discrimination claims. The District Court later entered Judgment dismissing the matter with prejudice. Parker then timely filed a Notice of Appeal on July 25, 2023.

On appeal, Parker filed an Opening Brief *pro se*, and Wormuth filed an Answering Brief. On August 22, 2024, this Court entered an Order appointing counsel. Parker then filed a Replacement Opening Brief on November 8, 2024.

On November 25, 2024, Wormuth moved for an extension to file a replacement answering brief in response to Parker's Replacement Opening Brief. This Court granted the Motion in part, extending the Answering Brief's filing

1

deadline until January 10, 2025. On January 8, 2025, Wormuth refiled her original Answering Brief, without addressing several arguments in Parker's Replacement Opening Brief.

In addition to the reversible errors explained in Appellant's Replacement Opening Brief, which includes the District Court's incorrect application of the pleading standard in employment discrimination cases, Wormuth waived any response to Parker's additional arguments on appeal, and conceded they are correct, by failing to respond to those arguments in her Answering Brief.

## I. *Swierkiewicz* Establishes the Proper Pleading Standard, Not *McDonnell Douglas*.

At the pleading stage, an employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework but must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (unanimously interpreting Rule 8(a)(2) in the employment discrimination context); *see also Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir. 1996) ("A plaintiff need not make a prima facie showing to survive a motion dismiss provided he otherwise sets forth a short an plain statement of his claim showing that he is entitled to relief."); *Sosa v. Hiraoka*, 920 F.2d 1451, 1460 (9th Cir. 1990); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (holding it

is "inappropriate" to "measure a plaintiff's complaint against a particular formulation of the prima facie case at the pleading stage"). The prima facie case under *McDonnell Douglas* "is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510.

Thus, to survive a motion to dismiss, Parker "need only provide 'enough facts to state a claim that is plausible on its face.'" *Austin v. Univ. of Or.*, 925 F.3d 1133, 1137 (9th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, a *pro se* complaint like Parker's, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.")) (citation omitted).

However, the District Court erred by applying the *McDonnell Douglas* framework to Parker's Rehabilitation Act and ADEA claims at the motion-to-dismiss stage. By doing so, Parker was forced to prematurely meet an evidentiary burden—which typically applies at summary judgment, and which would be difficult without discovery—resulting in the improper dismissal of his claims.

Wormuth's Answering Brief does more than defend the District Court's error; it seeks to have this Court adopt the same mistake. Appellee's Br. at 6-10. Like the District Court's Opinion and Order granting the Motion to Dismiss, the Answering Brief erroneously relies on the opinions of this Court in summary

judgment cases that use the *McDonnell Douglas* framework to justify dismissal, including *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027 (9th Cir. 2005), and *Socal Recovery, LLC v. City of Costa Mesa*, 56 F.4th 802 (9th Cir. 2023).

Therefore, this Court should reject any reliance on the improper application of the *McDonnell Douglas* framework. Under the correct standard set forth in *Swierkiewicz*, Parker has sufficiently pleaded plausible claims for disparate treatment under the Rehabilitation Act and ADEA that warrant further proceedings.

As the Supreme Court held in *Ricci v. DeStefano*, disparate treatment occurs when "an employer has 'treated a particular person less favorably than others because of a protected trait.'" 557 U.S. 557, 577 (2009) (quoting *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 985-86 (1988)) (alteration adopted). It is plausible, based on the facts alleged in Parker's Complaint, that USACE treated him less favorably than other candidates because of his diabetes and age, both of which are protected traits. *See* Appellant's Replacement Br. at 3-8 & 15-56.

Wormuth's Answering Brief entirely ignores Parker's age discrimination claim while selectively responding to the disability discrimination claim. The Answering Brief argues that Parker's Complaint failed to allege any facts supporting the conclusion that USACE hiring officials perceived him as being

4

disabled during the hiring process in July 2020. Appellee's Br. at 7-8. However, the Complaint alleges multiple facts that support this conclusion.

For example, the Complaint asserts that two of the four individuals involved in the hiring process still recalled, more than 12 months after Parker's initial resignation from USACE in June 2019, that Parker lost his Captain's license and resigned because of his diabetes. ER-121¶73-74. The fact that these two remembered these details over a year after Parker's last day with USACE supports the inference that the hiring officials regarded Parker as disabled. Additionally, the Complaint states that Parker was the only candidate known by at least some of those involved in the hiring process to have a disability, further reinforcing the plausibility that Parker was regarded as disabled and that this perception influenced the hiring decision. ER-118-119¶¶30, 36, 46.

Although Wormuth's Answering Brief fails to address Parker's age discrimination claim, the allegations in the Complaint are also sufficient to establish a plausible basis for that claim. The Complaint notes that during Parker's prior tenure with USACE, he received a "Fully Successful" rating on his 2019 performance evaluation. ER-117¶18. It further asserts that Parker was not only older than each of the other candidates, but at least seven years older. ER-118-119¶¶ 30, 36, 46.

For the reasons outlined in the Replacement Opening Brief, which Wormuth does not contest, this Court should reverse the District Court's rulings on both the Rehabilitation Act and ADEA claims and remand the case for further proceedings.

## II. Wormuth Relies on the Wrong Documents and Authorities.

### A. Wormuth cites facts outside the Complaint.

Wormuth's arguments suffer from the same oversights as the District Court. For one, Wormuth quotes extrinsic evidence from outside Parker's Complaint. Specifically, in an attempt to bolster her argument that safety concerns were a reason to rank Parker last in the hiring process, Wormuth relies on evidence and statements omitted from the Complaint but included in administrative documents, e.g., an EEO Declaration. Appellee's Br. at 9 (citing then-ER-26, now ER-27). Aside from the veracity of those reasons being an evidentiary issue for trial, the use of that evidence is improper because Parker does not "necessarily rely" on it in his Complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also* Appellant's Replacement Br. at 49-52. Indeed, Parker refutes the facts contained in those documents, which permits a court to only judicially notice the *existence* of agency documents—not the truth of the "facts" contained in them. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)); *see also* Appellant's Replacement Br. at 49-52.

6

Only the allegations in the Complaint may be considered. *Marder*, 450 F.3d at 448 (citation omitted). On that score, the Complaint's express allegations and the reasonable inferences drawn therefrom adequately allege that the hiring panel perceived Parker as having been disabled and that any purported concerns about safety were a pretext. ER-121¶¶71, 72, 75, 79.

Moreover, Wormuth misstates the law on judicial notice. *See* Appellee's Answering Br. at 6 (citing *Marder*, 450 F.3d at 448). The general rule is that a court may only review material within the four corners of the complaint to decide a Rule 12(b)(6) motion. *Marder*, 450 F.3d at 448 (citation omitted). According to Wormuth, judicial notice, an exception to that rule, is proper when external documents are "referenced in the complaint, the authenticity of which cannot be questioned, *or* [] are relied on by a plaintiff." Appellee's Br. at 6 (emphasis added).

Wormuth conflates judicial notice (which derives from Fed. R. Evid. 201(b)) with incorporation by reference (judicially created doctrine). *Khoja*, 899 F.3d at 1001-02. That aside, Wormuth states the elements (of incorporation by reference) correctly, but makes a critical error in stating their relationship: A court may consider outside documents when the complaint "refers to the document," the document is "central to the plaintiff's claim, *and* no party questions the authenticity" of the document. *Marder*, 450 F.3d at 448 (emphasis added). And as previously argued, neither judicial notice nor incorporation by reference applies

7

here because the EEO documents are not referenced in Parker's claims, and he disputes the facts contained in them. *See* Appellant's Replacement Br. at 49-52.

### B. Wormuth cites to appeals from summary judgment—not Rule 12 dismissals.

In addition to the facts, Wormuth gets it wrong on the law too. Like the District Court, Wormuth cites to *Dominguez-Curry v. Nev. Transportation Department* for what she argues Parker must "plausibly allege" to survive a motion to dismiss. 424 F.3d 1027 (9th Cir. 2005); Appellee's Br. at 6. However, that case came to this Court on an appeal after granting the defendant summary judgment. *Id.* at 1037. This Court *reversed* in favor of the plaintiff's allegations of a hostile work environment and failure to promote before remanding the case for trial. *Id.* Nowhere in that case did this Court determine the sufficiency of a pleading, nor did it state the standard applied to pleadings. Instead, it correctly applied the *McDonnell Douglas* framework to the evidence available at summary judgment. *See id. Dominguez-Curry* therefore holds no precedential authority in this case. *See also* Appellant's Replacement Br. at 26-33.

Next, Wormuth cites to *Socal Recovery, LLC v. City of Costa Mesa*, for her proposition of the pleading standard under a "'regarded as disabled' theory." Appellee's Br. at 7 (citing 56 F.4th 802, 817 (9th Cir. 2023)). Again, that case was on appeal from a motion for summary judgment. *Socal*, 56 F.4th at 811-12.

8

Therefore, the substantive law on what evidence is required at that stage as stated by this Court is inapplicable on a motion to dismiss. And again, in that case, this Court *reversed* in favor of the plaintiffs on the "fact-dependent" issue of whether the defendant regarded the plaintiff as disabled. *Id.* at 817, 820.

Wormuth's authorities for the law controlling the outcome of this case are therefore inapplicable.

### III. Wormuth Failed to Respond to Several of Parker's Arguments on Appeal and Therefore Waived Any Rebuttal to Those Arguments.

Wormuth stood on her originally filed Answering Brief after she moved for and obtained an extension to file. The Answering Brief only addresses the disability discrimination issue. Her brief fails to rebut—or even acknowledge—several of Parker's other issues for appeal, including his ADEA claim, which was revived after Parker's original Opening Brief was stricken upon replacement. *See* Dkt. 21. Wormuth's failure to respond to any of Parker's arguments constitutes waiver of the right to respond and should be deemed a concession that such arguments are legally and factually correct.

This Court "will not do an appellee's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support." *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 874 F.3d 1083, 1100 (9th Cir. 2017) (alteration adopted). In addition, outside of an "exceptional case," generally,

9

"an appellee waives any argument it fails to raise in its answering brief." *United States v. Dreyer,* 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc) (citing *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (holding that an appellee waived an issue by failing to address it in his answering brief)); *see also, e.g.*, *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1161 n.4 (9th Cir. 2022) (same).

Here, by standing on her originally filed Answering Brief, Wormuth omitted—and therefore waived—any rebuttal to Parker's unaddressed arguments. This applies to Parker's arguments regarding the sufficiency of the Complaint's allegations to state a claim under the ADEA, whether the District Court incorrectly incorporated or judicially noticed documents outside the Complaint, and, if this Court affirms (in-part or entirely), whether the Court should allow Parker leave to amend his Complaint.[1] Without any rebuttal, Parker's arguments should prevail as they stand alone.

## CONCLUSION

Parker's *pro se* Complaint sufficiently stated claims for disability and age discrimination by adducing facts sufficient to suggest plausibility for relief. The District Court also erroneously incorporated documents outside of the Complaint

---

[1] Whether Parker's Complaint was timely is a jurisdictional issue and therefore cannot be waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). However, under *Missirlian*, the analysis is elementary. Parker's Complaint was timely because EEOC failed to notify him of the exact date his 90-day clock began, and therefore, the clock never started. *See Missirlian v. Huntington Mem'l Hosp.*, 662 F.2d 546, 548 (9th Cir. 1981); Appellant's Replacement Brief at 54-56.

in ruling on Wormuth's Rule 12(b)(6) motion. The District Court's judgment therefore should be reversed and this case remanded so that Parker's Complaint can be reinstated or amended and considered on its merits.

Date: March 14, 2025

          PETER AFRASIABI
          One, LLP
          23 Corporate Plaza, Suite 150-105
          Newport Beach, CA 92660
          T: 949-502-2871
          pafrasiabi@onellp.com

          KATHRYN MARIE DAVIS
          Law Office of Kathryn M. Davis
          530 South Lake Avenue, Suite 425
          Pasadena, CA 91101
          T: 626-356-8059
          Kathryn.davis@kmdavislaw.com

          JULIUS P. ELBERFELD
          NEIL K. VERMANI
          U.C. Irvine School of Law
          Certified Law Students, Appellate Litigation Clinic
          401 East Peltason Drive, Suite 1000
          Irvine, CA 92697
          Email: jelberfe@lawnet.uci.edu
          nvermani@lawnet.uci.edu

          /s/ Kathryn M. Davis,
          *Pro Bono Counsel for Appellant James Parker*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)**: 23-35510

I am the attorney or self-represented party.

**This brief contains 2,336 words**, including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[●] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** _/s/ Kathryn M. Davis_____ **Date** March 14, 2025
*(use "s/[typed name]" to sign electronically-filed documents)*